**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4716**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

ANTOINE L. ROBINSON,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Richard L. Williams, Senior District Judge.  (3:08-cr-00392-RLW-1)

Submitted:  September 22, 2010      Decided:  September 30, 2010

Before WILKINSON, NIEMEYER, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Charles D. Lewis, Richmond, Virginia for Appellant.   Neil H. MacBride, United States Attorney, Michael A. Jagels, Special Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antoine Robinson appeals his conviction and 120 month sentence for one count of conspiracy to distribute and possess with intent to distribute controlled substances in violation of 21 U.S.C. § 846 (2006), one count of distribution of heroin and aiding and abetting in violation of 21 U.S.C. § 841 (2006) and 18 U.S.C. § 2 (2006), and one count of possession with intent to distribute heroin and aiding and abetting also in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2.  Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), and certified that he has identified no meritorious issues for appeal.  The Government has responded, and Robinson has filed a pro se supplemental brief.  We affirm.

I.   Batson Challenge

Robinson's counsel first questions whether the district court erred in denying his (and his co-defendant, Sharone White's[*]) second challenge made pursuant to Batson v. Kentucky, 476 U.S. 79 (1986).  After the district court reinstated a juror pursuant to a Batson challenge, Robinson and

_____

[*] White and Robinson both appealed their convictions and sentences, and their appeals were initially consolidated. Because counsel for White has raised claims on appeal in both an Anders and traditional format, the appeals have been deconsolidated.

2

White sought to challenge an earlier strike that, at the time, had gone unchallenged. The Government argued the strike was proper because the potential juror was a social worker and might be more sympathetic to a criminal defendant.

The Equal Protection Clause prohibits the use of peremptory challenges based solely on race or gender. Batson, 476 U.S. at 86; J.E.B. v. Alabama ex rel. T.B., 511 U.S. 127 (1994). Great deference is given to a district court's determination of whether a peremptory challenge was based on a discriminatory motive, and the court's ruling is reviewed for clear error. Jones v. Plaster, 57 F.3d 417, 421 (4th Cir. 1995). If, in response to a Batson challenge, the Government offers a race-neutral explanation for the strike, and the defendant does not argue the explanation was pretextual, we have held that the challenge is waived. See Davis v. Baltimore Gas & Elec. Co., 160 F.3d 1023, 1027 (4th Cir. 1998). Here, no such argument was raised, and we find the Batson claim was not preserved. In any event, after review of the record, we conclude that the district court did not clearly err in failing to reinstate the stricken member of the venire.

II. Motion to Strike Expert Testimony

Robinson's counsel next questions whether the district court erred in denying White's motion to strike Alcohol,

Tobacco, and Firearms ("ATF") Agent Daniel Board's testimony, which referred to prior testimony, regarding the amount of currency found on White's person when he was arrested. Agent Board referred to the $2700 in currency White possessed as indicative of proceeds from a drug distribution operation.

A district court's evidentiary rulings are entitled to substantial deference and will only be reversed for abuse of discretion. United States v. Benkahla, 530 F.3d 300, 309 (4th Cir. 2008), cert. denied, 129 S. Ct. 950 (2009). We will find that discretion to have been abused only when the district court acted arbitrarily or irrationally. Id.

The record reveals that the arresting officer had previously testified that White possessed a significant amount of currency when he was arrested. Although the officer did not specifically state that White possessed $2700, the officer did testify that White had "over $2000" when he was arrested. We conclude that the district court did not abuse its discretion by denying White's motion to strike.

### III. Pro Se Supplemental Brief

Robinson has filed a pro se supplemental brief in this court. He claims that the indictment against him was defective, that the evidence was not sufficient to sustain his convictions, that the district court erred by failing to strike Agent Board's

4

testimony, that the district court erred by applying a firearms enhancement to his sentence, and that the district court erred by sentencing him as a career offender. We have reviewed these claims and conclude they are without merit.

Finally, in accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Robinson, in writing, of the right to petition the Supreme Court of the United States for further review. If Robinson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Robinson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>